UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND, and TRUSTEES RONALD E. POWELL, ROBERT O'TOOLE, ROBERT WILSON, BRIAN JORDAN, DONALD G. SCHAPER, WILLIAM R. SEEHAFER, <br><br> Plaintiffs, <br><br> v. <br><br> WSJ, INC., d/b/a SAM'S IGA <br><br> Defendant. | Case No. |

## COMPLAINT

Now Come Plaintiffs, United Food and Commercial Workers Unions and Employers Midwest Pension Fund ("Pension Fund"), and Trustees, Ronald E. Powell, Robert O'Toole, Robert Wilson, Brian Jordan, Donald G. Schaper, William R. Seehafer ("Trustees") (collectively, "Plaintiffs"), and for a cause of action against WSJ, Inc., d/b/a Sam's IGA Inc. ("Sam's IGA" or "Defendant") allege as follows:

## INTRODUCTION

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1001 *et seq*., and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Pension Fund seeks a money judgment awarding delinquent contributions, interest, liquidated damages, and attorney's fees and costs as a result of Defendant's failure to pay contributions required by a collective bargaining agreement.

2. Plaintiffs also seek injunctive relief pursuant to ERISA and pursuant to the LMRA, to enjoin the prospective failure of Defendant to make contributions and remit its pension reports due to the Pension Fund in violation of Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 185 and the Pension Fund's Agreement and Declaration of Trust.

## JURISDITION AND VENUE

3. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

4. Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Health Fund is administered in this judicial district at 9801 W. Higgins Road, Rosemont, Illinois 60018.

## PARTIES

5. The Pension Fund is a multiemployer employee benefit plan within the meaning of Sections 3(3) and (37) of ERISA, 29 U.S.C. § 1002(3) and 1002(37), and a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c).

6. Plaintiffs, Ronald E. Powell, Robert O'Toole, Robert Wilson, Brian Jordan, Donald G. Schaper, William R. Seehafer are Trustees of the Pension Fund. The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1451, and 29 U.S.C. § 185, the Pension Fund is authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

8. Sam's IGA is an Illinois corporation that does business at 255 Joyce Lane Vienna, Illinois 62995.

9. Sam's IGA, at all times material, has been an employer within the meaning of 29 U.S.C. 152(2), and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce within the meanings of Section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).

## FACTUAL ALLEGATIONS

10. Sam's IGA, at all times material, participated in and contributed to the Plan pursuant to the terms of a CBA between itself and Local 881 United Food and Commercial Workers Union ("Local 881" or "Union"). (A true and correct copy of the April 1, 2017 - March 31, 2018 CBA is attached hereto as Exhibit A).

11. At all times material, Sam's IGA has owned and operated a grocery store in Vienna, Illinois that is subject to the CBA.

12. Sam's IGA, at all times material, was a party to the terms of the terms of the Agreement and Declaration of Trust ("Trust Agreement"). (A true and correct copy of the Trust Agreement is attached hereto as Exhibit B).

13. In addition to the CBA, the Trust Agreement requires Sam's IGA to submit monthly contributions and monthly remittance reports to the Pension Fund.

14. The Trust Agreement binds Sam's IGA to the Pension Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy"). (A true and correct copy of the Delinquency Policy is attached hereto as Exhibit C).

15. The Delinquency Policy requires Sam's IGA to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Pension Fund to charge interest on contributions, and provides for the Pension Fund to charge interest on contributions paid late.

16. Beginning in January 2018, and continuing through July 2018, Sam's IGA failed to pay its monthly contributions to the Pension Fund.

17. On or about June 6, 2018, Sam's IGA padlocked its grocery store's doors and did not allow employees or customers to enter. Thereafter, John Reichling ("Reichling"), a Local 881 Representative, was told by a Sam's IGA representative that the store would briefly reopen to sell its remaining products and then permanently shut down. During the conversation, the Sam's IGA representative told Reichling that it owed numerous debts to other companies and that it could not pay its delinquent pension contributions.

18. As of July 2018, Sam's IGA has failed to pay its monthly Plan contributions from January 2018 through July 2018, and continues to owe estimated delinquent contributions, plus interest and liquidated damages.

19. As of July 2018, the estimated outstanding Plan contribution delinquency owed by Sam's IGA is $11,378.16, including interest and liquidated damages.

20. Additionally, as of July 2018, Sam's IGA failed to submit its remittance report for the month of July 2018.

## COUNT I
### (Delinquent Contributions)

21. The Pension Fund realleges and incorporates the above paragraphs as if fully set forth herein.

22. The CBA and the Participation Agreement obligate Defendant to pay monthly pension contributions to the Pension Fund.

23. Defendant has failed to pay a total of $9,729.56 in contributions owed to the Pension Fund for the period of January 2018 through July 2018. In addition, interest and liquidated damages have been calculated at $197.11 and $1,451.49, respectively.

4

24. By failing to pay the required monthly contributions, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 185, and the Trust Agreement.

25. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, and the Trust Agreement, Defendant is liable to the Pension Fund for $9,729.56 in estimated delinquent contributions for the months of January 2018 through July 2018, any contributions that become delinquent or are discovered while this action is pending, plus interest on the delinquent contributions and contributions paid late, and liquidated damages, together with its reasonable attorney's fees and costs incurred by the Fund in pursuing the delinquent amounts.

## COUNT II
### (Delinquent Remittance Report)

26. The Pension Fund realleges and incorporates the above paragraphs 1 through 20 as if fully set forth herein.

27. The CBA and Trust Agreement obligates Defendant to submit its monthly pension hour remittance reports to the Pension Fund.

28. Defendant has failed to provide the required remittance report for the month of June 2018.

29. By failing to provide the July 2018 remittance report, Defendant has violated the Trust Agreement.

30. Accordingly, pursuant to the CBA and Trust Agreement, Defendant is liable to the Pension Fund for its July 2018 pension hour remittance report, and for reasonable attorneys' fees and costs incurred by the Fund in pursing the delinquent report.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court:

A.    Order Defendant to pay the Pension Fund:

    (1)    $9,729.56 in estimated delinquent contributions;

    (2)    At least $163.27 and $1,203.81 in interest and liquidated damages due on delinquent contributions accruing from the date the contributions became due and owing until the date paid; and

    (3)    additional amounts that may become delinquent during the pendency of this action or which become ascertainable based on the Pension Fund's review of Defendant's employment records.

B.    Restrain and enjoin Defendant, its officers, agents, servants, attorneys, successor, assigns, and all persons acting on its behalf or in conjunction with it from failing or refusing to pay to Plaintiffs all amounts, including contributions, interest, liquidated damages, and costs due to the Pension Fund.

C.    Order Defendant to provide the remittance report for the month of June 2018.

D.    Order Defendant to pay the Pension Fund's reasonable attorney's fees and cost incurred in the prosecution of this action; and,

E.    Award Plaintiffs such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Joseph C. Torres
Joseph C. Torres
Attorney for Plaintiffs

THE KARMEL LAW FIRM
221 North LaSalle Street
Suite 1550
Chicago, IL 60601
(312) 641-2910
joe@karmellawfirm.com